ORIGINAL

# United States Court of Federal Claims

No. 16-426 C
Filed: April 14, 2016

|  |  |
|---|---|
| KEVIN ALBERTO PORTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

FILED

APR 1 4 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On April 4, 2016, plaintiff, proceeding *pro se*, filed a complaint seeking various forms of relief. Plaintiff, a prisoner incarcerated in the Harris County Sheriff's Office, seeks damages for physical and emotional distress caused by various alleged torts committed by state and county officials. In his complaint, plaintiff alleges, *inter alia*, that Texas county officials mentally and physically abused him, denied him access to commissary, and forged his signature.

This Court's authority to hear cases is primarily defined by the Tucker Act, which grants this Court subject matter jurisdiction over claims against the United States that are founded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Upon *sua sponte* review, this Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. Plaintiff's complaint sounds in tort, and torts are excluded from this Court's jurisdictional grant. The Court has no authority to decide plaintiff's case, and therefore must dismiss the complaint pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims.

Further, even if this Court did have tort jurisdiction, the Court has no jurisdiction over state actions, state officials, or private citizens. This Court's sole jurisdiction is over the United States of America and actions taken by federal officials generally concerning money or its equivalents in property.

As such, plaintiff's complaint is DISMISSED, pursuant to RCFC 12(h)(3). The Clerk is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

Loren A. Smith,
Senior Judge